**UNITED STATES, Appellee,**

v.

**Specialist Darren R. SMITH, 260–31–9224, United States Army, Appellant.**

**ACMR 8801755.**

U.S. Army Court of Military Review.

30 March 1990.

---

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, Captain Harry C. Wallace, Jr., JAGC (on brief).

For Appellee: Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Gary L. Hausken, JAGC, Captain Jonathan F. Potter, JAGC (on brief).

Before KUCERA, GILLEY and GIUNTINI, Appellate Military Judges.

### OPINION OF THE COURT

GILLEY, Judge:

Contrary to appellant's pleas, a general court-martial that included enlisted members convicted the appellant of rape, in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920 (1982). The convening authority approved the sentence of a bad-conduct discharge, confinement for five years, and reduction to the grade of Private E1.

The appellant contends that the military judge erred by admitting into evidence an oral statement made after invoking his right to counsel. We find that the statement was erroneously admitted into evidence, but that the effect was harmless beyond a reasonable doubt.

German police arrested the appellant for suspected drunk driving, and delivered him to Army military policemen. A military policeman, who warned the appellant of his rights, provided this pertinent testimony.

Q: And what did the accused do or say at the conclusion of your reading the rights to him?

A: He claimed that he did not want to waive his rights, and that he did not want to say anything, so I instructed him to check the block that says, "I do not want to say anything", and sign the non-waiver portion.

Q: Did at any time he indicate to you that he wanted to speak with a lawyer? [sic]

A: No, he didn't.

The executed form used appears at the Appendix. Interrogation ceased, but minutes later the purported rape victim arrived at the same military police station. A new interrogation began about the alleged rape. The appellant initially waived his rights and denied being with the putative victim

that night. That statement was used by the government in its case-in-chief and on cross-examination of the appellant to impeach him.

■ From that evidence and the entire record, we cannot conclude that the appellant invoked only his right to silence during the first interrogation. The military policeman "instructed" the appellant on which block to check when the appellant said "that he did not want to waive his rights." When a request for counsel remains ambiguous, the right to counsel will be considered invoked. *See Connecticut v. Barrett*, 479 U.S. 523, 107 S.Ct. 828, 93 L.Ed.2d 920 (1987). Thereafter, further interrogation, which produces one like the appellant's, does not permit an acceptable waiver of the right to counsel, even if the suspected offenses differ. *See Arizona v. Roberson*, 486 U.S. 675, 108 S.Ct.2093, 100 L.Ed.2d 704 (1988); *United States v. Applewhite*, 23 M.J. 196 (C.M.A.1987).

■ Nevertheless, we find the error harmless beyond a reasonable doubt. The appellant testified that he had consensual sexual intercourse with the victim. Evidence that earlier he had denied that, to

keep information about his even consensual dalliance from his wife, did not cause the conviction, in our judgment. To the contrary, the unequivocal testimony of the victim and credible corroborating evidence do establish the appellant's guilt beyond a reasonable doubt. Accordingly, affirmance of the conviction is appropriate. *See United States v. Remai*, 19 M.J. 229 (C.M.A.1985).

We note that we need not reach the questions of whether the statement of the appellant was admissible merely for impeachment, or whether that possible exception would not apply where the government first introduced the infirm statement in its case-in-chief. *See Harris v. New York*, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971) and Manual for Courts–Martial, United States, 1984, Mil.R. of Evid. 304(b) and (f).

We have considered the issue raised personally by the appellant on 22 March 1990 and it is without merit.

The findings of guilty and sentence are affirmed.[1]

Senior Judge KUCERA and Judge GIUNTINI concur.

---

1. We publish this opinion because it can be instructive to commanders and investigators. Care must be taken to permit the suspect to record accurately whether invocation of "his rights" includes counsel and silence or merely one of the rights.

## APPENDIX

**RIGHTS WARNING PROCEDURE/WAIVER CERTIFICATE**
For use of this form, see AR 190 30; the proponent agency is DCSPER.

### DATA REQUIRED BY THE PRIVACY ACT

| | |
|---|---|
| AUTHORITY: | Title 10, United States Code, Section 3012(g) |
| PRINCIPAL PURPOSE: | To provide commanders and law enforcement officials with means by which information may be accurately identified. |
| ROUTINE USES: | Your Social Security Number is used as an additional/alternate means of identification to facilitate filing and retrieval. |
| DISCLOSURE: | Disclosure of your Social Security Number is voluntary. |

LOCATION: *Office of the Provost Marshal*
DATE: *880515*  TIME: *0410*  FILE NO.: *KAR# 01165-88*

NAME (Last - First - MI): *Smith Darren R.*
SOCIAL SECURITY NO.: *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*  GRADE/STATUS: *E-4/RA*
ORGANIZATION OR ADDRESS: *C Co. 249th ECB APO N.Y. 0300 Ph # 376-6308*

### SECTION A - RIGHTS WAIVER/NON-WAIVER CERTIFICATE

#### RIGHTS

The investigator whose name appears below told me that he/she is with the United States Army _____

_____*Military Police*_____ and wanted to question me about the following offense(s) of which I am suspected/accused: _____*Drunken Driving*_____

Before he/she asked me any questions about the offense(s), however, he/she made it clear to me that I have the following rights:

☑ 1. I do not have to answer any questions or say anything.

☑ 2. Anything I say or do can be used as evidence against me in a criminal trial.

☑ 3. *(For personnel subject to the UCMJ)* I have the right to talk privately to a lawyer before, during, and after questioning and to have a lawyer present with me during questioning. This lawyer can be a civilian lawyer I arrange for at no expense to the Government or a military lawyer detailed for me at no expense to me, or both.

- or -

*(For civilians not subject to the UCMJ)* I have the right to talk privately to a lawyer before, during, and after questioning and to have a lawyer present with me during questioning. However, I understand that I must make my own arrangements to obtain a lawyer and this will be at no expense to the Government. I further understand that if I cannot afford to pay for a lawyer, one may be appointed to represent me.

☑ 4. If I am now willing to discuss the offense(s) under investigation, with or without a lawyer present, I have a right to stop answering questions at any time, or speak privately with a lawyer before answering further, even if I sign the waiver below.

COMMENT (Continue on reverse side)
*Smith was in a hurry to leave and wanted to use the phone*

#### WAIVER

I understand my rights as stated above. I am now willing to discuss the offense(s) under investigation and make a statement without talking to a lawyer first and without having a lawyer present with me.

| WITNESSES (If available) | SIGNATURE OF INTERVIEWEE |
|---|---|
| 1. NAME (Type or Print) | |
| ORGANIZATION OR ADDRESS AND PHONE | SIGNATURE OF INVESTIGATOR *Wendell R Smith* |
| 2. NAME (Type or Print) | TYPED NAME OF INVESTIGATOR *SMIROTH WENDELL R.* |
| ORGANIZATION OR ADDRESS AND PHONE | ORGANIZATION OF INVESTIGATOR *66th MP Co. APO 09164* |

#### NON-WAIVER

I do not want to give up my rights:

☐ I want a lawyer.

☑ I do not want to be questioned or say anything.

( ) Prosecutor ☑
( ) Defense Exhibit
( ) Appellate

SIGNATURE OF INTERVIEWEE

ATTACH THIS WAIVER CERTIFICATE TO ANY SWORN STATEMENT (DA FORM 2823) SUBSEQUENTLY EXECUTED BY THE SUBJECT SUSPECT/ACCUSED.

DA FORM 3881    FOR OFFICIAL USE ONLY